## Jay Freeze, Appellee, v. J. F. Harris, Appellant.

1. APPEALS AND ERRORS—*when rulings upon evidence not subject to review.* In the absence of exceptions having been preserved the rulings of the trial court upon questions of evidence are not preserved for review.

2. INSTRUCTIONS—*must be predicated upon evidence.* An instruction should not authorize the inclusion in the verdict of an element of damage not supported by any evidence, but such an instruction will not reverse where it appears that the amount of the verdict rendered was amply sustained by the evidence offered.

3. INSTRUCTIONS—*when reference to declaration will not reverse.* While an instruction which refers the jury to the declaration for a statement of the negligence charged is bad practice, yet the giving of such an instruction authorizing a recovery upon proof of such negligence will not reverse.

Action in case for personal injuries, etc. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

RAY & DOBBINS and D. C. DOBBINS, for appellant.

HENRY I. GREEN and W. G. PALMER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries and for injury to a vehicle,

alleged to have been caused by the negligent and wilful conduct of appellant in operating an automobile. A trial by jury in the circuit court of Champaign county resulted in a verdict and judgment against appellant for $300.

The declaration contains five counts. The first count alleges the negligence of appellant generally whereby a team of horses which appellee was driving became frightened and ran away. The second count charges that the automobile made loud and unusual noises and that appellant negligently drove the same in such close proximity to appellee's team of horses that they thereby became frightened and ran away. The third count charges negligence generally. The fourth count charges that appellee's team of horses became frightened at the approach of the automobile, the duty of appellant thereupon to come to a full stop until the horses had passed and the failure of appellant to discharge such duty. The fifth count alleges that appellant contrary to the statute negligently drove his automobile at a speed greatly in excess of twenty miles an hour for a distance of more than a quarter of a mile, etc.

The facts disclosed by a clear preponderance of the evidence are substantially as follows: On July 4, 1909, appellee accompanied by his wife and two children in a two seated conveyance was driving a team of horses in a westerly direction on a public highway, and at the same time appellant, a physician, was driving a high wheel automobile on the same highway in an easterly direction; that as the automobile approached the team it was making considerable noise, and the team evidenced indications of becoming frightened; that appellee drove the team as far as possible to the right side of the highway where they started to shy and plunge; that appellant did not stop, or decrease the speed or lessen the noise of his machine as he continued to approach appellee, and that as he passed appellee the near horse lunged to the side and against the tongue, breaking it, and the team ran away, causing the injuries complained of. Upon this state of facts the jury were fully warranted in finding a verdict against appellant.

It is insisted on behalf of appellant that the driver of an automobile is only required to stop if it appears that horses are about to become frightened by the approach of an automobile. The evidence discloses that the horses were not only about to become frightened, but that they were in fact frightened when appellant approached in his machine, and that appellant must have observed their conduct in that regard.

Appellant preserved no exceptions to the rulings of the court upon the admission and exclusion of certain evidence and such rulings are not, therefore, properly preserved for review. We have, however, considered the objections urged to such rulings and find nothing therein that could have operated to the prejudice of appellant. While some of the evidence sought to be adduced by appellant was excluded in the first instance upon objection, it was subsequently disclosed upon the further examination of the witnesses.

The second instruction given at the instance of appellee includes as an element of damages the expense to which he was put for repairs to the carriage. While this element should have been excluded from the instruction, because of the absence of any evidence to support it, its inclusion could not have appreciably harmed appellant. The undisputed evidence discloses that the damage to the carriage was from $75 to $100.

The eleventh instruction given at the instance of appellee is not open to the objection urged. It fully includes the elements of proximate cause and of due care on the part of appellee. The twelfth instruction given at the request of appellee refers to the declaration for a statement of the negligence charged and authorizes a recovery upon proof of such negligence. While an instruction in this form is not to be commended, the giving of it does not necessarily constitute reversible error. We do not agree with counsel for appellant in their insistence that there is no evidence tending to show that appellant's conduct in driving his automobile was wilful or wanton, and that the third, fifth and ninth instructions tendered by appellee were improperly given.

Appellant asked twenty-four instructions, of which the court gave nine to the jury. There was no occasion for asking so many instructions in the case, and those given fully covered the questions properly involved.

There is no prejudicial error in the record and the judgment will be affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part.